NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2328
_____

JALIL PRATT,
Appellant

v.

SUPERINTENDENT BENNER TOWNSHIP SCI; DISTRICT ATTORNEY
PHILADELPHIA; ATTORNEY GENERAL PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-19-cv-00416)
District Judge: Honorable Joseph F. Leeson, Jr.
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 15, 2023

Before: PORTER, FREEMAN and FISHER, *Circuit Judges*.

(Filed: August 30, 2023)
_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In 2009, a state trial court convicted Jalil Pratt of second-degree murder, conspiracy, and burglary, sentencing him to life imprisonment without parole on the murder conviction and a concurrent sentence of ten to twenty years' imprisonment for the remaining convictions. Pratt appeals on the grounds that the state trial court's denial of his motions for severance from a co-defendant and for a mistrial violated his constitutional rights. The District Court denied Pratt's habeas petition. We will affirm.[1]

When evaluating a district court's denial of a habeas petition where the court did not hold an evidentiary hearing, our review is de novo.[2] Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "federal courts are to review a state court's determinations on the merits only to ascertain whether the state court reached a decision that was 'contrary to' or involved an 'unreasonable application' of clearly established Supreme Court law, or if a decision was based on an 'unreasonable determination' of the facts in light of the evidence presented."[3] Because the state court analyzed and denied Pratt's claim solely under Pennsylvania state law, and it did not reach the merits of the federal constitutional issue, "the deferential standards provided by

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 2241 and 2254. This Court has jurisdiction under 28 U.S.C. §§ 1291 and 2253.

[2] *See Dennis v. Sec'y, Pa. Dep't of Corr.*, 834 F.3d 263, 280 (3d Cir. 2016) (en banc).

[3] *Fahy v. Horn*, 516 F.3d 169, 189 n.20 (3d Cir. 2008) (quoting 28 U.S.C. § 2254(d)).

[the Antiterrorism and Effective Death Penalty Act of 1996] . . . do not apply."[4] Even under the de novo standard, however, Pratt fails to show he is entitled to relief.

Pratt argues the state trial court violated his Fifth Amendment rights to receive a fair trial and to not be deprived of life, liberty, or property without due process of law when it failed to sever his trial from a co-defendant's or declare a mistrial. Pratt is correct that a failure to sever can be a constitutional error[5]—a point the Government now concedes. However, a court should sever a joint trial "only if there is a serious risk that [it] would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."[6]

Pratt contends his constitutional rights were violated because he was never able to cross-examine his co-defendant about the substance of what his counsel claimed would be his testimony, and therefore the jury would be forever tainted by those statements. He claims that remarks by his co-defendant's counsel in his opening statement were so prejudicial that a finding of constitutional error "would be unavoidable." Blue Br. 12. Counsel stated Pratt's co-defendant would testify that Pratt conspired to rob, and ultimately shot and killed, the targeted victim—but the co-defendant never took the stand. But courts may rely on curative instructions to mitigate the harm of statements made

---

[4] *Thomas v. Horn*, 570 F.3d 105, 113 (3d Cir. 2009) (citation omitted).
[5] *United States v. Lane*, 474 U.S. 438, 446 n.8 (1986).
[6] *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

3

during trial.[7] And the trial court gave the jury repeated curative instructions to disregard statements made by counsel and to not consider them as evidence. With these instructions, Pratt's constitutional rights were not violated.

Pratt argues the limiting instructions were not sufficient to cure his co-defendant's counsel's opening statements. Pratt is correct that limiting instructions cannot mitigate the harm of all statements made during trial. When two co-defendants are tried together, and the confession of one is read to the jury, the constitutional rights of the non-confessor are not adequately protected by instructing the jury that a confession can only be considered as evidence against the one who offered it.[8] Such is "[t]he classic example . . . [that] asks the impossible of our jurors."[9] Also, remarks given by a prosecutor may carry with them "the imprimatur of the Government and may induce the jury to trust the Government's judgment rather than its own view of the evidence."[10] But Pratt's co-defendant did not confess, much less in a way that implicated Pratt. Rather, his co-defendant's counsel only summarized what he expected his client to say, a situation in which the Supreme Court has found limiting instructions sufficient to protect a

---

[7] *See United States v. Berrios*, 676 F.3d 118, 135–36 (3d Cir. 2012), *abrogated on other grounds by*, *Lora v. United States*, 143 S. Ct. 1713 (2023).
[8] *Bruton v. United States*, 391 U.S. 123, 129 (1968).
[9] *Johnson v. Superintendent Fayette SCI*, 949 F.3d 791, 794 (3d Cir. 2020).
[10] *United States v. Young*, 470 U.S. 1, 18 (1985) (citing *Berger v. United States*, 295 U.S. 78, 88–89 (1935).

defendant's rights.[11] Thus, the extensive cautioning by the court was sufficient to cure any harm brought about by the opening statements.[12]

Nevertheless, Pratt argues that the detail and length of the opening remarks render them uncurable. He seeks to distinguish them from a prosecutor's summary of a confession that "took only a few minutes to recite and was sandwiched between a summary of petitioner's own confession and a description of the circumstantial evidence the State would introduce."[13] Although the references to the projected confession comprised the bulk of Pratt's co-defendant's counsel's opening statements, the prosecution did not mention them at all in its opening or in its case in chief. So, it cannot be said they carried with them the "imprimatur of the Government."[14] Instead, the prosecution presented the testimony of multiple witnesses, a co-conspirator, and cell phone records. Thus, because the prosecution secured Pratt's conviction via its presentation of rebuttable testimony and evidence, and because limiting instructions were given regarding his co-defendant's counsel's opening statements, the trial did not violate Pratt's constitutional rights.

For these reasons, we will affirm.

---

[11] *Frazier v. Cupp*, 394 U.S. 731, 735 (1969).
[12] *United States v. Zehrbach*, 47 F.3d 1252, 1267 (3d Cir. 1995).
[13] *Frazier*, 394 U.S. at 733.
[14] *Young*, 470 U.S. at 18–19.